**DENG YU GUO, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney
General, Respondent.

No. 04–3142–AG NAC.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2005.

Deng Yu Guo, for Petitioner, pro se.

David V. Kirby, United States Attorney,
Michael P. Drescher, Assistant United
States Attorney, District of Vermont, Bur-
lington, VT, for Respondent.

PRESENT: JOSÉ A. CABRANES,
WESLEY, and HALL, Circuit Judges.

### SUMMARY ORDER

Deng Yu Guo petitions *pro se* for review
of the BIA decision affirming the Immi-
gration Judge's ("IJ") decision denying her
application for asylum, withholding of re-
moval, and relief under the Convention
Against Torture. We assume the parties'
familiarity with the underlying facts and
procedural history.

This Court reviews the IJ's decision
where, as here, the BIA summarily affirms
or adopts the IJ's decision without opinion.
*See Twum v. INS*, 411 F.3d 54, 58 (2d
Cir.2005) This Court reviews the IJ's fac-
tual findings under the substantial evi-
dence standard: "a finding will stand if it

---

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for for-
mer Attorney General John Ashcroft.

**32**

is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d, 279, 287 (2d Cir.2000)). The same standard applies to denials of withholding of removal under the INA and CAT relief. *See Melendez v. U.S. Dept. of Justice,* 926 F.2d 211, 218 (2d Cir.1991).

◼ In this case, the findings of fact that Guo had not suffered past persecution or had a well-founded fear of future persecution was substantially supported by the record as a whole. An applicant bears the burden of providing sufficiently detailed and persuasive testimony to support a finding of past persecution. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999). Guo failed to demonstrate that she had been previously persecuted by the Chinese government or by any other group the government was unwilling or unable to control, or that the allegedly harsh treatment by her grandmother was on account of one of the five protected grounds. The finding that Guo's testimony did not constitute past persecution was supported by the evidence.

Guo was not entitled to a presumption of a well-founded fear of future persecution given that the IJ found she had not suffered past persecution. 8 C.F.R. § 208.13(b)(1)(i). Instead, Guo was required to establish that she had a genuine, subjective fear of future persecution in China and that such fear was objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Guo could not establish that she would be subject to future persecution on account of one of the protected grounds, nor did she establish that she would be severely punished or tortured for leaving China illegally. The findings that Guo did not establish either subjective or objectively reasonable

fear was also substantially supported by the record.

◼ Substantial evidence also supports the IJ's finding that Guo failed to establish entitlement to CAT relief. The IJ determined, based on administrative notice of country conditions in China, that the punishment Guo would face for leaving China illegally would be a mere fine. Therefore, the IJ's determination was reasonable in that Guo failed to prove that it was more likely than not that she would be tortured if returned to China. 8 C.F.R. § 208.18(a)(1).

Finally, the outstanding motion for stay of the order of deportation is denied as moot.